UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ROBERT W. TULLY, | No. C 12-1591 MEJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| TRANSPORTATION SECURITY ADMIN., | **Re: Docket No. 4** |
| Defendant. | |

**INTRODUCTION AND BACKGROUND**

Plaintiff Robert Tully initiated this pro se action against Defendant Transportation Security Administration (TSA) on March 30, 2012.[1]  Compl., Dkt. No. 1.  Plaintiff's claim stems from an incident that occurred on July 26, 2011 when he was traveling through Oakland International Airport.  Compl. ¶ 3.  Plaintiff alleges that he notified a TSA agent that he was placing his watch, ring, and two bracelets in a container before he proceeded through the security checkpoint.  Compl. ¶ 4.  Afterwards, Plaintiff momentarily forgot about his jewelry and walked away from the checkpoint.  *Id.*  He returned five minutes later, but could not locate his jewelry and was informed by the TSA agent that it was no longer there.  *Id.*  Plaintiff alleges that the TSA agent stole his jewelry, and he seeks reimbursement from Defendant for $5600.00 — the claimed value of his watch, ring, and bracelets.  Compl. ¶¶ 4-5.  Before initiating this action, Plaintiff timely filed an administrative claim against Defendant pursuant to the Federal Tort Claims Act (FTCA), which was denied on October 4, 2011.  Compl., Ex. A.

Defendant has moved to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil

---

[1]  This Court treats Plaintiff's Complaint against the TSA as a lawsuit against the United States government, and uses "Defendant" in this Order to specifically refer to the government. *See Bradley v. Transp. Sec. Admin.*, 552 F.Supp.2d 957, 960 (E.D. Mo. 2008) ("The TSA is a division of the United States Department of Homeland Security, and is accordingly an agency of the United States government.  Therefore, a lawsuit against the TSA is ultimately a lawsuit against the United States government.").

Procedure (FRCP) 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim. Dkt. No. 4. Plaintiff has filed an Opposition, to which Defendants have filed a Reply. Dkt. Nos. 9 and 14. The Court has reviewed the parties' papers and considered the legal authorities. It first finds that this matter is suitable for resolution without oral argument and the hearing currently calendared for August 9, 2012 is VACATED. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Second, the Court GRANTS Defendant's Motion to Dismiss for lack of subject matter jurisdiction, which is explained in further detail below.[2] Because this Court lacks jurisdiction, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD UNDER FRCP 12(B)(1)

Federal courts are courts of limited jurisdiction and these limits, whether imposed by the Constitution or by Congress, cannot be disregarded or evaded. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (holding that a federal court's "power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred"). Federal courts have original jurisdiction over cases that involve diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen*, 511 U.S. at 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

A motion to dismiss under FRCP 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). Courts will not infer evidence supporting federal subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction."). The burden of proof on a FRCP 12(b)(1) motion is on a party asserting jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

---

[2] Because Defendant's FRCP 12(b)(1) argument is dispositive to this matter, the Court does not analyze Defendant's argument that Plaintiff's Complaint fails to state a claim under FRCP 12(b)(6).

2

## DISCUSSION

Federal courts do not have jurisdiction to hear cases against the United States unless the government has consented to suit and waived its sovereign immunity. *Bradley*, 552 F.Supp.2d at 960. The FTCA, codified under 28 U.S.C. § 2671 *et seq.*, provides a limited waiver of the government's sovereign immunity, and "supplies the exclusive remedy for those with claims against the United States for 'money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment." *Id.* (citing 28 U.S.C. § 1346(b)(1)). Thus, when deciding whether a federal agency is liable for a wrongful act of its employee, a court must consider whether that employee was acting within the scope of his employment when the act was committed. *Id.* The determination of whether an employee's actions were within the scope of employment is controlled by state law. *Id.* Under California law, an act is within the scope of employment if (1) it is required or incident to the employee's duties, or (2) it is reasonably foreseeable in light of the employer's business. *Bailey v. Filco, Inc.*, 48 Cal.App.4th 1552, 1559 (1996); *see also* CACI 3720. *Id.* If a court determines that a federal employee's acts were not within the scope of his employment, then there is no subject matter jurisdiction under the FTCA. *See Clamor v. United States*, 240 F.3d 1215, 1217 (9th Cir. 2001); *Doe v. United States*, 2010 WL 1904976, at *4 (D. Haw. May 10, 2010).

Several courts have already determined that a TSA agent who is alleged to have stolen a traveler's belongings is not acting within the scope of his employment. *See Bradley*, 552 F.Supp.2d at 961 ("Because any TSA agent who may have removed items from plaintiff's luggage would be operating outside the scope of his employment at the time of those items' removal, plaintiff fails to satisfy his prima facie burden of showing that defendant TSA should be held liable for the loss of his belongings."); *Carpenter v. Transp. Sec. Admin.*, 2009 U.S. Dist. LEXIS 129650, at *2 (D. Md. Apr. 9, 2009) (finding that a TSA agent alleged to have stolen a watch was "not acting in service of, or furthering a purpose of, the TSA," and consequently the United States was immune from suit under the FTCA); *Thomas v. Transp. Sec. Admin. Claims Mgmt. Branch*, CV09-1490 JAH (CAB), Dkt. No. 26, at *3-4 (S.D. Cal. July 12, 2011) ("The act of theft, or conversion, by an unnamed TSA

agent in this case would not serve the United States, but would serve to further a personal interest. Therefore, the alleged action is outside the agent's scope of employment and, as a result, the claim cannot be brought against the United States under the FTCA.") (internal citations omitted).  The Court agrees with these decisions and finds that Plaintiff's allegations against the TSA agent in this matter, even if true, would not state a viable claim under the FTCA because that agent was not acting within the scope of his employment when allegedly stealing Plaintiff's jewelry.[3] Accordingly, this Court lacks subject matter jurisdiction to preside over this matter since Defendant is immune from suit pursuant to the FTCA.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  The hearing calendared for August 9, 2012 is VACATED and will not be held.

**IT IS SO ORDERED.**

Dated: August 7, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

---

[3] To the extent that one may argue that the TSA agent's conduct was reasonably foreseeable in light of his employer's business, the Court does not find such an argument persuasive. Respondeat superior liability requires a nexus between the employee's tort and the employment to ensure that liability is properly placed on the employer, and the fact that employment brought the employee tortfeasor and victim together in time and place is not enough. *Bailey*, 48 Cal.App.4th at 1560. "An intentional tort is foreseeable, for purposes of respondeat superior, only if in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal.4th 291, 302 (1995) (internal quotations and citations omitted). "The question is not one of statistical frequency, but of a relationship between the nature of the work involved and the type of tort committed." *Id.* Here, the TSA agent's duties are to ensure the safety of those using the airport.  While he may have access to the belongings of passengers, the theft of these belongings is not related to his duties and would be unusual enough that it would be unfair to assess that cost on Defendant.